The Honorable Mike Todd State Senator 333 W. Court Street Paragould, AR 72450
Dear Senator Todd:
This is in response to your request for an opinion regarding the effect of the newly created majority African American judicial districts on the status of court reporters for those districts. As you have noted, judges for the districts will be elected in 1992 and will assume office on January 1, 1993. They will be replacing judges who will either be retiring at the end of 1992 or judges who will be subject to assignment on an "as needed" basis. Your questions will be restated below and answered in the order posed.
1. Since A.C.A. § 16-13-501 makes court reporters in the circuit and chancery courts employees of the State of Arkansas, will they continue to work for the new judges who have been elected?
The consent decree entered into by the parties in the district court case you mention, Hunt v. State, No. PB-C-89-406 (United States District Court, Eastern District of Arkansas, Nov. 7, 1991) addressed certain aspects of the creation of the majority African American judicial districts. See Nov. 7, 1991 consent decree. There is, however, no provision in the consent decree addressing whether the current court reporters and other personnel shall remain with the office or whether the incoming judge may appoint her or his own staff. In this regard, A.C.A. §16-13-503(a) (1987) states that court reporters may be appointed by each judge of each circuit-chancery court district. This provision, in my opinion, could lead to the conclusion that the incoming judge has discretion to appoint her or his own court reporter. This does not necessarily foreclose the possibility that the current court reporter may be reappointed by the incoming judge. The decision, however, appears to rest with the incoming judge.
2. Will the judges who are being `replaced' but who are still working on an `assignment' basis continue to employ full-time court reporters?
The Nov. 7, 1991 consent decree states that incumbent judges may continue to serve as special judges "either in their own judicial districts, or through statewide assignment by the Arkansas Administrative Office of the Courts, in accordance with existing law and procedure." See consent decree at 5, and A.C.A §16-10-101 (Cum. Supp. 1991). Again, there is no provision in the consent decree which addresses the issue of whether the judges who are working on an assignment basis may employ court reporters. There is a provision at A.C.A. § 16-13-509 (Cum. Supp. 1991) which addresses employment of temporary substitute court reporters. This section, however, appears to allow judges who are working on assignment to employ a substitute court reporter only where the official court reporter is absent or unavailable.
3. If the new judges are not required to employ the court reporters who worked for the judges who are being replaced, as state employees, what rights will the `replaced' court reporters have since their positions have not been eliminated but only the judges have changed?
The court reporters, like other state employees who are generally "at-will" employees, have no guarantee that their job will remain available for them. In an at-will employment situation, either the employer or the employee has the right to terminate the employment without cause or at will. See generally SterlingDrug, Inc. v. Oxford, 294 Ark. 239, 743 S.W.2d 380 (1988). Presumably, the situation you describe would not be unlike that created each time a judgeship turns over and a new judge is elected. The new judge has the discretion to appoint her or his own court reporter pursuant to A.C.A. § 16-13-503(a).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh